## Berardis' Application

*John G. Love,* for Commonwealth; *Spangler & Walker,* for exceptant.

FLEMING, P. J., June 14, 1933.—The appellant filed an application for a distributor's license, under the Beverage License Law of 1933, with the county treasurer on May 31, 1933. The bond required by the act was furnished and the filing fee of $10 was paid. It is conceded that the appellant has met all the requirements of the act except compliance with section 10 thereof, in that he did not file such application "at least one week before the first day of June". For such reason the treasurer has declined to issue the license applied for, from which action this appeal arises.

Endlich, Interpretation of Statutes, 10, sec. 7, says:

"In short, when the words admit of but one meaning, a Court is not at liberty to speculate on the intention of the Legislature, or to construe an Act according to its own notions of what ought to have been enacted. Nothing could be more dangerous than to make such considerations the ground of construing an enactment that is quite complete and unambiguous in itself. 'The moment we depart from the plain words of the statute, according to their ordinary and grammatical meaning, in a hunt for some intention founded on the general policy of the law, we find ourselves involved in a "sea of troubles." Difficulties and con-

tradictions meet us at every turn.' [Quoting Sharswood, J., in Dame's Appeal, 62 Pa. 417, 422]. Indeed, to depart from the meaning on account of such views, is, in truth, not to construe the Act, but to alter it. But the business of the interpreter is not to improve the statute; it is to expound it. Whilst he is to seek for the intention of the Legislature, that intention is not to be ascertained at the expense of the clear meaning of the words. The question for him is not what the Legislature meant, but what its language means."

What applies to the courts is doubly applicable to departmental rulings, since the department seeking to interpret the law has been in close touch with the statute since its inception; has had a material part in the drafting of the same; and must, therefore, be presumed to have itself molded the words of the act so as to express the exact intent of the legislature. We see, therefore, no sound reason for the appeal by the Department of Justice that the act should be liberally construed to the point of alteration. The act states that an application must be filed "at least one week before the first of June." These words admit of but one construction. It is neither for the court nor for any department of the State Government to hold otherwise "at the expense of the clear meaning of the words." It is beyond the possibility of contradiction that the meaning of the words used by the legislature is that the license year shall begin on June 1st in one year and end on May 31st in the year following; and that all applications for the next ensuing license year shall be filed with the county treasurer at least 1 week before the close of the preceding year.

There is, however, a provision in the act as approved, if strictly construed for the present year, to wit, the license year beginning June 1, 1933, and ending May 31, 1934, which would manifestly defeat the legislative intent expressed in the title of the act—the regulation and restraint of the sale of malt, brewed and vinous and fruit juice beverages, now legalized by act of Congress.

The Beverage License Law, by its own terms, provides, in section 32 thereof, that "This act shall become effective on June first, one thousand nine hundred and thirty-three, except that licenses may be granted prior to said date to become effective on said date." It is to be noted that the permissive "may" is used in the exception just quoted rather than the mandatory "shall". This merely gave the licensing officer the option, if he so elected, to accept and issue licenses prior to the effective date of the act, but did not, by any possible construction, impose upon the applicant the duty of filing his application before the enactment became a law. "Statutes are presumed to be prospective only in their operation, rather than retrospective or retroactive, unless the contrary clearly appears, or is very clearly, plainly, and unequivocally expressed, or necessarily implied": 59 C. J. 1169, sec. 694. "In every case of doubt, the doubt must be solved against the retrospective effect and in favor of prospective construction only. Where a statute is expressly or by clear implication made retroactive to a certain extent or for a certain purpose, the courts will not by construction give to it a retroactive operation to any greater extent or for any other purpose": 59 C. J. 1168, sec. 692. The exception noted in section 32 reveals no clear, plain or unequivocal intent to impose upon the applicant the duty of filing his application prior to the effective date of the act. The exception merely goes far enough to permit the licensing officer to accept and act upon applications prior to June 1, 1933, in order that those who were already engaged in the sale of the regulated and restricted commodities might not be interrupted thereafter.

"Where the language of a statute, in its ordinary meaning and grammatical construction, leads to a manifest contradiction of the apparent purpose of the enactment, or to some inconvenience or absurdity, hardship or injustice, presumably not intended, a construction may be put upon it, which modifies the

meaning of the words, and even the structure of the sentence": Endlich, Interpretation of Statutes, 399, sec. 295.

We are, therefore, of the opinion that during the license year beginning June 1, 1933, and ending May 31, 1934, all other requirements of the statute having been fully met, the county treasurer shall, after a period of 1 week from the date of the filing of the application, or sooner if he is satisfied therewith, issue a license in conformity with the provisions of the act, upon the payment to him of the entire fee prescribed by such act. We are further of the opinion that in the years subsequent to the license year 1933-34 no licenses shall be issued unless the application shall be filed with the treasurer at least 1 week prior to the 1st day of June, being the beginning of such license year.

In conformity with this opinion, we therefore enter the following decree in the instant case:

### Decree

And now, June 14, 1933, after a careful consideration of the whole record and in conformity with the opinion above expressed, the appeal is sustained and Robert F. Hunter, County Treasurer of Centre County, is directed forthwith to issue to Ottavio Berardis a distributor's license, as provided for in the Beverage License Law of 1933, upon payment of the required fee for the entire license year beginning June 1, 1933, and ending May 31, 1934, it appearing to the court that all the requirements of the statute have been fully complied with.

From Musser W. Gettig, Bellefonte, Pa.